## CITY OF MIAMI v. ROBERTS.

Circuit Court, Dade County, Criminal Appeal.

December 12, 1956.

Alfred D. Bieley, Miami, for appellant.

Olavi M. Hendrickson, City Attorney, and Thomas G. O'Connell, Ass't. City Attorney, for appellee.

J. FRITZ GORDON, Circuit Judge.

This cause came on to be heard before me on appeal from a conviction in the municipal court of the city of Miami on a charge of passing a stop sign. The court having heard from counsel for the defendant and the city of Miami finds that—

The following colloquy took place in the trial of this case in the municipal court while the investigating officer of the city of Miami was testifying—

> Q. (By Mr. O'Connell) Did you engage the defendant in any conversation?
>
> A. I did.
>
> Mr. Bieley: To which we are going to object, Mr. O'Connell.
>
> Mr. O'Connell: The objection is premature.
>
> The Court: The objection is denied. Go ahead.
>
> Q. (By Mr. O'Connell) And did you question him about this accident?

*A.* I did.

*Q.* And did you question him as to whether or not he went through the stop sign?

*A.* Yes, he said he didn't see it.

*Mr. Bieley:* Just a minute. I want to object to that, your Honor.

*The Court:* The objection is overruled.

*Mr. Bieley:* Judge, under the cases . . .

*The Court:* Objection overruled, do you understand English?

*Mr. Bieley:* All right. We feel we . . .

*The Court:* If you don't agree with what I am saying, appeal under section 317.17 or otherwise. It is not a privileged communication. If you don't believe me, appeal it. Go ahead.

*The Witness:* Defendant stated that he never did see the stop sign.

The witness, a police officer—making an investigation as such police officer—was then permitted to testify as to what the defendant told him at the scene of the accident in answer to questions by said police officer.

This was error as section 317.17, Florida Statutes 1955, provides no such report shall be used as evidence in any trial, civil or criminal.

There are too many cases where our Supreme Court has ruled on this question to cite one of them and the law is too well settled to permit argument on the point.

The city contends it was not harmful error but this court thinks otherwise.

It is therefore ordered that the conviction, judgment and sentence of the judge of the municipal court of the city of Miami is reversed and a new trial ordered with all costs taxed against the appellee.